UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------  )
IN RE: WOLDEYOHANNES,                 )   BANKR. NO. 18-21369 (AMN)
      Debtor                          )   Chapter 7
------------------------------------  )
HANNAH WOLDEYOHANNES                  )   CIVIL NO. 3:24-CV-01590 (KAD)
      Debtor-Appellant,               )
                                      )
      v.                              )
                                      )
ALYSSA S. PETERSON                    )
      Appellee.                       )
------------------------------------
```

**ORDER DISMISSING APPEAL**

Kari A. Dooley, United States District Judge

Before the Court is an appeal by the Debtor, Hannah Woldeyohannes ("Appellant" or "Debtor"), from an order of the United States Bankruptcy Court for the District of Connecticut (Nevins, J.), reopening the Debtor's 2018 Chapter 7 case to address ambiguity in a previously-issued sale order ("Reopening Order").[1] The Bankruptcy Court reopened the case, *sua sponte*, for the limited purpose of determining the appropriate form of an amendment to a previously issued Sale Order. The Sale Order at issue concerned the sale of the Debtor's interest, if any, in A to Zee, LLC ("A to Zee") to Appellee Alyssa Peterson. The Sale Order contained ambiguous language that, intentionally or not, obscured the nature of the transfer of the Debtor's alleged interest in A to Zee. The Reopening Order did not resolve any substantive claims—indeed, the Bankruptcy Court expressly declined to decide the issue with respect to which Appellant seeks appellate review, to wit, whether the Debtor retained any ownership in A to Zee.

Despite this, the Appellant challenges the Bankruptcy Court's decision as though it were a final judgment on the merits. It was not. Because the order merely reopened the case and did

---

[1] This matter was transferred to the undersigned on January 17, 2025.

not conclusively resolve any discrete dispute, it is not a final, appealable order under 28 U.S.C. § 158(a). As Appellant has not sought leave to appeal pursuant to 28 U.S.C. § 158(a)(3) and nor does the Court see any basis upon which to grant such leave, *see Osuji v. U.S. Bank N.A.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018), the appeal is DISMISSED.

## BACKGROUND

This case arises from decades-long litigation between Peterson and Woldeyohannes concerning, *inter alia,* A to Zee, a Connecticut limited liability company formed in 2004. *See, e.g.*, Doc. #1-1 at 9. A to Zee owned four condominium units ("Condos") located in Hartford, Connecticut. *See id.* at 6. In 2009, following a multi-year civil dispute between Peterson and Woldeyohannes, the Connecticut Superior Court found that Woldeyohannes was the sole member of A to Zee and had usurped a corporate opportunity, ordering her to convey the property back to A to Zee and enjoining her from transferring any interest in the company or its real estate. *See, e.g.*, *id.* at 21-22; *see also Peterson v. Woldeyohannes*, 2009 WL 4686026, at *1, *7 (Conn. Sup. Ct. 2009); *Peterson v. Woldeyohannes*, 111 Conn. App. 784 (2008).

In 2011, Woldeyohannes filed a Chapter 7 petition. After it emerged that she had failed to disclose her interest in A to Zee, however, the Bankruptcy Court revoked her discharge. Doc. #1-1 at 22-23. In 2016, she allegedly executed an Operating Agreement purporting to transfer her interest in A to Zee to her siblings. *Id.* at 26-28.

In 2018, Peterson initiated an involuntary Chapter 7 petition against Woldeyohannes. *Id.* at 4. In 2021, the Chapter 7 Trustee filed a motion to sell the estate's interest in A to Zee to Peterson "Free and Clear of Liens." *Id.* at 8. The Sale Motion described the property to be sold as the bankruptcy estate's

> right, title and interest, if any, in and to the Debtor's (Hannah Woldeyohannes') ownership interest as of the petition date in A to Zee, LLC, and any and all

> equitable rights held by the Debtor, Hannah Woldeyohannes, in [the Condos] and any claims that may emanate from said alleged interest.

*Id.* The resulting Sale Order, however, purported to transfer "*any and all equitable rights* held by the Debtor, Hannah Woldeyohannes *and* A to Zee, LLC, in [the Condos] and any claims associated with the Debtor, A to Zee, LLC or any claims emanating therefrom." *Id.* at 10 (emphasis added). In other words, the Sale Order, unlike the Sale Motion, sought the ability to sell equitable rights held by both the Debtor *and* A to Zee, LLC, in the LLC's real property, *i.e.*, the Condos. *Id.* A to Zee, however, was not a debtor in bankruptcy and its property was not therefore subject to a sale order by the Bankruptcy Court. The inconsistency between the Sale Motion and the Sale Order later became the genesis of controversy and ultimately the present appeal.

In 2022, AWET, LLC—a company formed by relatives of the Debtor—moved to reopen the bankruptcy case. AWET claimed to have acquired a mortgage on A to Zee's properties via assignment in 2021 from the Boatman Firm, which had allegedly provided legal services to the Debtor in earlier proceedings. *See, e.g.*, *id.* at 6-7, 12, 14. AWET contended that the "equitable interest" language in the Sale Order created ambiguity about whether real property interests had been transferred free and clear of its mortgage and argued that it had not received proper notice of the sale. *Id.* at 14.

The Bankruptcy Court initially denied the motion to reopen on the ground that AWET lacked standing, but the District Court reversed and remanded. *See id.* at 14-15; *see also In re Woldeyohannes*, 707 F. Supp. 3d 188 (D. Conn. 2023) (Underhill, J.). The District Court determined that the Bankruptcy Court had failed to develop the record to determine what exactly was sold, whether the sale approved the sale of assets not owned by the Debtor, and whether the prior holder of the mortgage—the Boatman Firm—had received notice of that sale. Doc. #1-1 at

3

15-16. On remand, the Bankruptcy Court held a multi-day evidentiary hearing to determine whether AWET, LLC had standing to reopen the Debtor's Chapter 7 case and to clarify the scope of the 2021 Sale Order.

In September 2024, the United States Bankruptcy Court for the District of Connecticut (Nevins, J.) entered its Reopening Order. *See generally id.* The Court concluded that AWET did not have standing to seek to reopen the Debtor's previously closed bankruptcy case under 11 U.S.C. § 350(b). *Id.* at 14-16, 25-26, 58.[2] However, thereafter, the Bankruptcy Court *sua sponte* reopened the case for the limited purpose of clarifying the scope and effect of its Sale Order entered in 2021. While the procedural posture of the case is convoluted, the need for reopening and clarification arose from a straightforward issue: The Sale Order, as entered, contained language that materially differed from the Sale Motion, creating confusion over whether the court had authorized the transfer of interests in real property held by A to Zee—a non-debtor.

In the Reopening Order, the Bankruptcy Court found that the former Chapter 7 Trustee did not intend to sell real property titled to A to Zee, LLC, and that the reference to "equitable rights" in the Sale Order was the result of imprecise drafting rather than a substantive intent to transfer any real estate. *See id.* at 17-19 ("The Trustee testified she did not intend to, and maintains she did not, sell anything more than the Debtor's interest in A to Zee. She specifically denied selling A to Zee's interest in real property.").

Although the court assessed the history and structure of the contested sale, it expressly declined to adjudicate the ultimate ownership of A to Zee, to wit, whether and to what extent the Debtor retained an interest in A to Zee at the time of the 2018 bankruptcy or to adjudicate the

---

[2] AWET did not appeal this determination.

4

enforceability of AWET's alleged mortgage on the condominium units.³ Accordingly, the Bankruptcy Court *sua sponte* reopened the case for that narrow purpose.

This appeal followed.

### STANDARD OF REVIEW

The federal district courts have appellate jurisdiction over a final judgment or order of a bankruptcy court. *See* 28 U.S.C. § 158(a)(1). An order is deemed final if it "completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Prudential Lines, Inc.*, 59 F.3d 327, 331 (2d Cir. 1995) (quoting *In re Integrated Res., Inc.*, 3 F.3d 49, 53 (2d Cir. 1993)). By contrast, appeals of orders that are preliminary or procedural, and that merely set the stage for further adjudication, fall outside this ambit and require leave of Court. 28 U.S.C. § 158(a)(3).

Where jurisdiction lies, a district court reviews a bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *See Maverick Long Enhanced Fund, Ltd. v. Lehman Bros. Holdings Inc.*, 594 B.R. 564, 567 (S.D.N.Y. 2018). Further, this Court reviews matters within the Bankruptcy Court's discretion—including a decision to reopen a closed case under 11 U.S.C. § 350(b)—for abuse of discretion. *See In re Arana*, 456 B.R. 161, 172-73 (Bankr. E.D.N.Y. 2011); *In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996) (citing *Bartle v. Markson*, 357 F.2d 517, 523 (2d Cir.1966) (Friendly, J.)). A bankruptcy court abuses its discretion when its decision rests "on an erroneous view of the law or clearly erroneous factual

---

³ The Bankruptcy Court first observed that in order to have standing, AWET "needed to establish it holds a valid, enforceable mortgage against the Condos, or some other pecuniary interest affected by the Sale Order." *Id.* at 17. The Bankruptcy Court further observed that in order to meet this burden, AWET was required to "establish by a preponderance of the evidence: (1) who the members of A to Zee were in 2016; and (2) that Sophia Woldeyohannes was authorized to act on behalf of A to Zee when she signed the Mortgage to the Boatman Firm in February 2016." *Id.* Following a thorough and detailed assessment of the evidence received and the arguments of the parties, the Bankruptcy Court determined that AWET did not have standing to seek to reopen the Chapter 7 case because AWET "failed to meet its burden to establish standing based on a valid and enforceable mortgage on the Condos." *Id.* at 45.

findings," or if it "commits a clear error of judgment . . . based on all the appropriate factors." *In re Lynch*, 795 F. App'x 57, 59 (2d Cir. 2020) (internal quotations and citation omitted).

The Court limits its review to the record before the Bankruptcy Court. *See In re Ampal-Am. Israel Corp.*, 554 B.R. 604, 617-18 (S.D.N.Y. 2016), *aff'd*, 691 F. App'x 12 (2d Cir. 2017).

## DISCUSSION

This appeal arises not from a conclusive ruling on ownership, entitlement, or liability, but from the Bankruptcy Court's *sua sponte* decision to reopen a closed Chapter 7 case for the modest and circumscribed purpose of appointing a Chapter 7 Trustee and thereafter to determine the appropriate clarifying language for the Sale Order. As discussed above, the Bankruptcy Court revisited the 2021 Sale Order, which contained phrasing that diverged materially from that of the underlying Sale Motion. This resulted in confusion over whether interests in real property titled to a non-debtor entity had been purportedly transferred.

A bankruptcy court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Bankruptcy Court reopened the Debtor's Chapter 7 case "for other cause" as contemplated under the statute. But the reopening of a case under 11 U.S.C. § 350(b), undertaken for the limited purpose of clarification, does not constitute a final judgment.

Here, the Reopening Order resolved *none* of the substantive disputes that the Appellant now seeks to press on appeal. It did not determine whether the Debtor retained any membership interest in A to Zee as of the petition date. It did not adjudicate the enforceability of any mortgage or resolve claims to real property. It did not bless or invalidate any subsequent transfer. It did not, in short, decide anything that would confer appellate jurisdiction under 28 U.S.C.

§ 158(a)(1). The Court merely concluded that AWET lacked standing because it had failed to meet its burden of proof as to the validity of its purported mortgage.[4] Doc. #1-1 at 45. A finding that a party has failed to meet its burden of proof, is not, of itself, a factual determination on the underlying issue. *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (a movant's failure to discharge their burden under Federal Rule of Civil Procedure 56 requires denial of summary judgment, without the court interpreting that as the nonmovant's proffered facts as being "true").

Notwithstanding, Appellant characterizes the Bankruptcy Court's decision as a determination of her continuing association with A to Zee. *See generally* Doc. #13. It was not. The Bankruptcy Court did not need to resolve that question, and so did not. Although the Court was skeptical and arguably critical of AWET's evidentiary offer on the issue, observing that the record contained no "cogent explanation" of any purported disassociation, Doc. #1-1 at 52, it made no finding of ongoing ownership and issued no ruling that altered the legal status of the parties. After rejecting AWET's argument that it had standing, it merely determined that reopening was necessary in order to correct the misalignment between what the Trustee moved to sell and what the Sale Order purported to convey. *Id.* at 54-57 ("What was intended to be sold and what was described as having been sold in the Sale Order are different."). This limited procedural action, whatever its peripheral implications, does not transform an interlocutory decision into a final adjudication.[5] *See e.g.*, *In re Cusson*, 412 B.R. 646, 652 (D. Vt 2009) (a decision to re-open a debtor's bankruptcy case was not final appealable order pursuant to Section 158(a)(1)); *In re Chateaugay Corp.*, 880 F.2d 1509, 1511 (2d Cir. 1989) (noting that while the

---

[4] And as noted above, the party aggrieved by this decision, AWET, did not appeal the Court's conclusion.
[5] Appellant's assertion to the contrary is, frankly, frivolous.

concept of finality is more flexible in bankruptcy than in ordinary civil litigation, a final order is one that "disposes of discrete disputes within the larger case"); *Off. Creditors Comm. of Indus. Ceramics v. Indus. Ceramics Assocs.*, 252 B.R. 296, 299-300 (W.D.N.Y. 2000) ("[F]or a bankruptcy court order to be final within the meaning of § 158(d), the order need not resolve all of the issues raised by the bankruptcy; *but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.*" (emphasis added)).

Because the Reopening Order appealed from resolved no discrete claim and awarded no relief, it is not final and therefore appealable as of right. And insofar as Appellant has not sought leave to appeal this interlocutory order, and the Court sees no basis upon which to grant such leave in any event, the appeal is DISMISSED.

## CONCLUSION

For the reasons set forth above, the appeal from the Bankruptcy Court is DISMISSED. The motion [17] to dismiss the appeal in which Appellee addresses the substantive issues regarding Debtor's interest in A to Zee, is DENIED as moot. Appellee's motion [22] for expedited decision is DENIED as moot. The Clerk of the Court is directed to close this case.

It is so ordered.

Dated at Bridgeport this 17th day of June 2025.

/s/ *Kari A. Dooley*
Kari A. Dooley
United States District Judge